IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDUARDO ANTONIO RIOS-ROLON

Petitioner

vs

UNITED STATES OF AMERICA

Defendant

CIVIL 10-1169CCC
Related Cr. No. 09-036CCC

**OPINION AND ORDER**

Before the Court is Petitioner Eduardo A. Ríos-Rolón's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**docket entry 1**). Respondent filed a Response to the Motion (docket entry 3), to which Petitioner replied (docket entry 5). For the reasons discussed below, the Court finds the Petition shall be DENIED.

## I.    BACKGROUND

On January 30, 2009, Petitioner Eduardo A. Ríos-Rolón (hereinafter "Petitioner" or "Ríos-Rolón") waived his right to be charged by way of an Indictment, and entered a plea of guilty to a one count Information filed by the United States (Crim. D.E. 1, 2 and 3)[1]. On that same date a Plea Agreement was filed by which Petitioner plead guilty to the aforesaid Information pursuant to Rule 11 (c)(1)(A) and (B) (Crim. D.E. 4).[2]

Pursuant to the Information, Ríos-Rolón was charged and plead guilty to the following: on or about May 21, 2008, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, Ríos-Rolón did knowingly and intentionally attempt to possess with the intent to distribute five hundred (500) grams or more of a mixture or substance

---

[1]Crim. D.E. is an abbreviation for the docket entry number in Petitioner's criminal case, 09-036 (CCC).

[2]The waiver of Indictment and change of plea hearing was held before U.S. Magistrate Judge Marcos E. López.

CIVIL 10-1169CCC                                        2

containing a detectable amount of cocaine; a Schedule II, controlled substance, in violation of Title 21, United States Code, sections 836 and 841(a)(1) and (b) (ii)(II) (Crim. D.E. 2).

Pursuant to the Plea Agreement, Petitioner was held accountable for an amount of more than three point five (3.5) kilograms but less than five (5) kilograms of cocaine (Crim. D.E. 4 at page 4). Petitioner's stipulated guideline calculation was a base offense level of thirty (30), a two (2) point enhancement for an aggravating role in the offense; and a three (3) point reduction for his acceptance of responsibility, for a total offense level of 29. Petitioner's criminal history category was determined to be II which would provide a guideline imprisonment range of ninety-seven (97) to one hundred and twenty-one (121) months (Crim. D.E. 4 at page 4). The United States and Petitioner further stipulated a sentencing recommendation of one hundred and eight months (108) of imprisonment (Crim. D.E. 4 at page 4).

On February 3, 2009, Magistrate Judge López filed his Report and Recommendation recommending that Ríos-Rolón's guilty plea to the one count Information be accepted by the Court (Crim. D.E. 8). On February 13, 2009, this Court issued an order adopting said Report and Recommendation and therefore accepting Petitioner's plea of guilty, and a sentencing date was set by the Court (Crim. D.E. 9). On May 22, 2009, the date of the sentencing hearing, the Court vacated and reset Petitioner's sentencing hearing due to pending objections which Petitioner's counsel had raised as to the information contained in Ríos-Rolón's Pre-sentence Investigation Report (Crim. D.E. 13).[3]

On June 11, 2009, this Court issued an order sustaining Ríos-Rolón's objections to the Pre-sentence Report and therefore applying the parties' previously stipulated Criminal History Category of II (Crim. D.E. 14).

_____

[3]Ríos-Rolón's counsel had filed objections as to the Criminal History calculation as it appeared in the Pre-sentence Report. Petitioner's Criminal History Category according to the Probation Officer was III and counsel for Petitioner argued that it should be II as stated in the Plea Agreement (Crim. D.E. 14).

CIVIL 10-1169CCC                                    3

On July 22, 2009, Ríos-Rolón's sentencing hearing was held. Petitioner was sentenced in accordance with the Plea Agreement to a term of imprisonment of one hundred and eight (108) months, a Supervised Release Term of four (4) years, and a Special Monetary Assessment of one hundred ($100) dollars. Forfeiture of $371,910.00 was also ordered (Crim. D.E. 20).

Petitioner had also waived his right to appeal in the Plea Agreement entered into with the United States (Crim. D.E. 4 at page 7). He, therefore, did not appeal his sentence. On February 26, 2010, Ríos-Rolón's filed this timely Motion to Vacate, Set Aside or Correct Sentence pursuant to 28, United States Code, Section 2255 (docket entry 1). The Government has responded to the same and as such the matter is ready for disposition.

II.    DISCUSSION

In his Petition under 28 U.S.C. § 2255, Petitioner raises the allegation that he was never made aware by either his counsel or the Court of the two (2) level upward enhancement for his role in the offense.[4] Petitioner alleges that he signed the Plea Agreement without reading it, and that the enhancement was never explained to him by his then counsel Rafael Castro-Lang, nor by Magistrate Judge López at his Change of Plea Hearing or by the Court at sentencing. Ríos-Rolón contends that the Government never presented evidence to the Court to sustain said enhancement (docket entries 1 and 5). Hence, Petitioner requests that the Court hold an evidentiary hearing on this matter and proceed with his re-sentence without the two (2) point enhancement. As noted above, Petitioner did not appeal his conviction and sentence so this is the first time he has raised this issue.

_____

[4]Pursuant to the Plea Agreement Ríos-Rolón was given a two (2) level enhancement for aggravating role pursuant to U.S.S.G. Sec. 3E1.1(a) (Crim. D.E. 4 at page 4).

CIVIL 10-1169CCC                                   4

**A.    28 U.S.C. Sec. 2255 Standards and Exhaustion Requirements**

Title 28 U.S.C. Sec. 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1.    the sentence was imposed in violation of the Constitution or laws of the United States,

2.    the court was without jurisdiction to impose the sentence,

3.    The sentence was in excess of the maximum authorized by law  or,

4.    The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the Court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion.  United States v. Essig, 10 F.3d 968 (3d Cir 1993).  If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice," United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice".  Murray v. Carrier, 477 U.S. 478, 496 (1986).  The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

**B.    Claim of Ineffective Assistance of Counsel**

In the instance case, Petitioner has raised his allegation as part of an ineffective assistance of counsel claim.  Ríos-Rolón vaguely alleges that his counsel was ineffective because he did not advice him of the two (2) point enhancement nor did he object to it.  By bringing his claim as part of an ineffective assistance of counsel claim Petitioner is

CIVIL 10-1169CCC                                  5

circumventing the appeals process and allowing it, at least in his view, to be raised for the first time through a section 2255 motion.

To establish ineffective assistance of counsel, a defendant must show that:

1.     His attorney's performance was deficient, and

2.     The deficient performance prejudice his defense.    Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms."  Strickland, 466 U.S. at 688.  Under Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy."  Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

A claim of ineffective assistance of counsel should therefore first address Ríos-Rolón's non compliance with the requisites in Strickland v. Washington, 466 U.S. 668 (1984).  It is pellucidly clear that Petitioner was obligated to show both counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it.    Strickland, 466 U.S. at 687.    See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990).  Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented."  United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992).  The "range of reasonable professional assistance" is quite wide.  See

CIVIL 10-1169CCC                                    6

Strickland, 466 U.S. at 689.  Therefore the Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential."  See Strickland, 466 U.S. at 689.

Under Strickland, Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and the harm such actions caused.  Petitioner has failed to do so in this case.  Mere assertions of ineffective assistance of counsel are insufficient.

Petitioner in this case tries to establish cause for not raising his enhancement claim on appeal by arguing that pursuant to his Plea Agreement he had waived his right to appeal. While this statement is accurate, the Court notes that at Ríos-Rolón's sentencing hearing he was advised by the Court as follows:

> Mr. Ríos, although you pled guilty and pursuant to the terms of your plea agreement you waived your right to appeal the judgment and sentence imposed in this case, you are nonetheless advised that you can appeal your conviction if you understand that your plea of guilty was unlawful or involuntary, or if there is some other fundamental defect in the proceedings that was not waived by your plea agreement.

Sentencing Hearing Transcript of July 22, 2009, pages 9-10.

Petitioner's allegation of the unlawful two (2) point enhancement falls within the realm of possible appeal as explained to Petitioner by the Court.  Yet, he failed to file his appeal. Therefore, Petitioner is barred from raising this claim now through his § 2255 motion. Although it is clear that Petitioner has waived the issue of the two (2) point enhancement by not filing a timely appeal, out of an abundance of caution this Court has gone one step further in its review.

A review of the filed Plea Agreement clearly establishes the two (2) point enhancement to Petitioner's sentence for his aggravated role in the offense ( Crim. D.E. 4 at page 4).  Petitioner alleges that he did not review the plea agreement that he signed nor was it explained to him.  Again, the record betrays him.  A review of the transcript of the Change of Plea hearing clearly establishes that Ríos-Rolón was specifically advised of the content of his plea agreement and he acknowledged having understood it.

CIVIL 10-1169CCC                              7

> The Court: Have you had a reasonable opportunity, prior to this hearing, to discuss all the terms and conditions of this Plea Agreement with your attorney?
>
> The Court: Did your attorney translate to you, into the Spanish language, all the terms and conditions of this Plea Agreement?
>
> Defendant: Yes.

Transcript of Waiver of Indictment and Change of Plea Hearing of January 30, 2009 at page 18.

The transcript also clearly establishes that the Magistrate Judge informed Ríos-Rolón of the two (2) point enhancement he now objects.

> The Court: Now, I'll hear from the Government what are the guidelines that have been agreed to between the parties.
>
> AUSA Coker: Yes, Your Honor, the amount of cocaine attributable to this Defendant has been stipulated and agreed to between the Defendant and the United States as falling between three point five, but less than five kilograms, which calls for a Base Offense Level, pursuant to U.S.S.G. 2(d)(1.1), for level thirty.  Also, an increase of two levels an aggravating role as defined in 3B1.1(c) is appropriate, minus three for acceptance of responsibility, for a total Base Offense Level of twenty nine.  And, based on a Criminal History Category of two, the parties stipulated the appropriate Guideline Range would be ninety-seven to a hundred and twenty-one months, Your Honor.
>
> The Court: And, what would be the sentence recommendation?
>
> AUSA Coker: Yes, Your Honor, the recommendation of the United States and as agreed to by the parties is one hundred and eight months.
>
> The Court: **Sir, you have just listened to the Prosecutor summarize the Sentencing Guideline calculations that have been agreed to between the parties.  Do you understand those Sentencing Guideline calculations?**
>
> Defendant: **Yes, I do.**
>
> The Court: **Have you had an opportunity to discuss those guideline calculations with your Attorney, and have you understood your Attorney's advice as to what those guideline calculations mean and how they apply to you in your case?**
>
> Defendant: **Yes.**

Transcript of Waiver of Indictment and Change of Plea Hearing of January 30, 2009 at pages 20-21 (emphasis ours).

CIVIL 10-1169CCC                                    8

Clearly, Ríos-Rolón gave no indication to the Court or to his attorney that he had doubts or objections to the two point enhancement now challenged.  In fact, he accepted in open court under oath that those were precisely the guideline calculations to which he agreed with the United States to plead guilty to and be held responsible for.

Petitioner stipulated in his plea agreement both the quantity of drugs attributable to him and his role in the offense.  He is precluded from challenging those findings in a section 2255 motion absent a showing that his plea was involuntary and/or uncounseled. Petitioner can show neither.  A finding of involuntariness is foreclosed by Petitioner's admissions at the change of plea hearing during the colloquy with the Court, and Petitioner has raised no new meritorious allegations that his plea otherwise was coerced. See United States v. Serrano-Beauvaix, 400 F.3d 50 (1st Cir. 2005).

The Court notes than in Petitioner's Reply to the Government's Response he attached a draft of a Plea Agreement which he alleges was the only Plea Agreement he discussed with his counsel the day before the Change of Plea Hearing.  Ríos-Rolón contends that when he signed the Plea Agreement the following day he did not read it for he thought it was the same one he had previously discussed with his attorney and kept a copy of (Crim. D.E. 5, Exhibit 1).  This completely contradicts his statements made under oath at his Change of Plea Hearing.  At no time did he inform or even hint at the alleged fact that he had not read nor had he been informed of the content of the Plea Agreement which he had signed.  In fact, the record shows that when the Court asked him if he understood the guideline calculations which included the two point role-in-the-offense enhancement he indicated that he did.  Moreover, Petitioner further acknowledged that he had not been forced or coerced in any way to plead guilty.  See Transcript of Change of Plea Hearing, January 30, 2009, at page 24.

Even so, the Court has gone still another step further and looked at both Plea Agreements: the draft Plea Agreement submitted by Petitioner and that which was actually

CIVIL 10-1169CCC                                    9

signed and filed with the Court.  A reading of the draft Plea Agreement reflects two changes

from the one signed by Ríos-Rolón and filed in court.  In the draft, the stipulated amount of

cocaine that would be attributable to Ríos-Rolón was between five (5) and fifteen (15)

kilograms (docket entry 5, Exhibit 1, at pages 4-5).  The signed Plea Agreement filed with

the Court stipulated, however, that the amount of cocaine attributable to Petitioner was

between three point five (3.5) and five (5) kilograms (Crim. D.E. 4 at page 4).  The second

change is that of the addition of the two level enhancement for an aggravated role in the

offense., which as noted before was not included in the draft Plea Agreement submitted by

Ríos-Rolón as part of his reply.  The guideline calculations in the draft Plea Agreement are

as follow:

    Base Offense Level, pursuant to U.S.S. G. Sec. 2D1.1[5]              32
    Acceptance of Responsibility, pursuant to U.S.S.G. Sec. 3E1.1(a)    -3
    Total Offense level                                                 29
    Imprisonment Range in defendant falls at CHC II                     97-121

The parties further stipulated that they "recognize[d] and agree[d] that 108 months would be

the recommendation of the United States".  See docket entry 5, Exhibit 1 at page 5.

        In turn, the Plea Agreement signed, filed and accepted by the Court contains the

following guideline calculations:

    Base Offense Level, pursuant to U.S.S.G. Sec. 2D1.1[6]              30
    Aggravating Role Sec. 3B1.1(c)                                      +2
    Acceptance of Responsibility, pursuant to U.S.S.G. Sec. 3E1.1 (a)  -3
    Total Offense Level                                                 29
    Imprisonment range if defendant falls at a CHC II                   97-121

The parties further stipulated that they "recognize[d] and agree[d] that 108 months would be

the recommendation of the United States" (Crim. D.E. 4 at page 4).

_____

    [5]For a drug quantity of between more than five (5) but less than fifteen (15) kilograms
of cocaine.

    [6]For a drug quantity of between three point five (3.5) but less than five (5) kilograms
of cocaine.

CIVIL 10-1169CCC                          10

Ríos-Rolón cannot have it both ways.  Clearly, the end result to which the parties agreed was a sentence of 108 months of imprisonment, be it through a Plea Agreement which stipulated a higher quantity of drugs but no role enhancement or through the alternative finally filed which, while reducing the stipulated amount of drugs, did include a role-in-the-offense upward adjustment.  In both alternatives the net result was exactly the same, a sentence of 108 months of imprisonment, and that is precisely what Petitioner got.

Furthermore, there is no basis for Petitioner's allegation that he did not know the content of his signed plea agreement as the record reflects the contrary - that he clearly stated to the Court that he had discussed, understood and was satisfied with such an agreement.  Petitioner's allegation of lack of knowledge is simply unsupported by the record.

The Court also notes that after the disclosure of Petitioner's Pre-Sentence Report, his counsel diligently filed an objection to the Criminal History Category calculation reached by the Probation Officer.  In the report Petitioner's Criminal History Category was determined to be III, which would have elevated significantly Petitioner's range of imprisonment.  Petitioner's counsel was successful in arguing that the calculation was incorrect and provided to the Court the necessary evidence in order to prevail in his contention that Ríos-Rolón's true Criminal History Category was II, which allowed the Court to impose the recommended sentence of 108 months of imprisonment.

The actions undertaken by defense counsel on behalf of Petitioner are a far cry from any claim of ineffective assistance of counsel.  Clearly, Petitioner has not met his burden in this matter.  Petitioner has been unable to identify any fact(s) or omission(s) by his counsel that would fall within the established Strickland standard for his claim to proceed.  As such, Petitioner Ríos-Rolón's motion pursuant to 28 U.S.C. § 2255 is DENIED.

III.    **CONCLUSION**

For the reasons stated, the Court concludes that Petitioner EDUARDO ANTONIO RIOS-ROLON is not entitled to relief on the claim presented.  Accordingly, it is ORDERED

CIVIL 10-1169CCC                                        11

that petitioner **EDUARDO ANTONIO RIOS-ROLON's** Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 (**docket entry 1**) is **DENIED.**  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on January 26, 2012.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge